UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JEAN K. CONQUISTADOR, | ) | CASE NO. 3:19-cv-1965 (KAD) |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT MARTIN, et al., | ) | DECEMBER 20, 2022 |
| *Defendants*. | ) | |

**MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [Doc. No. 96]**

Kari A. Dooley, United States District Judge:

The Plaintiff, Jean K. Conquistador ("Conquistador"), commenced this civil rights action while incarcerated at Bridgeport Correctional Center ("BCC"). Following initial review of the Amended Complaint, the case proceeded on Fourteenth Amendment claims of unconstitutional conditions of confinement, denial of procedural due process and deliberate indifference to his health and safety, as well as First Amendment retaliation claims. *See* Doc. No. 12. Defendants Martin, Lee, Serrano, McNeil, Alves, McCarthy and Moore-DeCoito[1] ("the Defendants") have filed a motion for partial summary judgment seeking judgment on the conditions of confinement claim against defendants Alves, Moore-DeCoito and McCarthy arising out of the alleged denial of toiletries; the retaliation claims against defendants McNeil and Serrano; and the due process claims against defendants McNeil and Lee. Plaintiff has not filed an opposition to the motion. For the following reasons, the motion for partial summary judgment is GRANTED.

**Standard of Review**

A motion for summary judgment may be granted only where there is no genuine dispute

---

[1] Defendant Moore-DeCoito is incorrectly named in the Complaint as Moore-DeCaito. The Defendants have used the correct spelling in their motion and the Court does so as well.

as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56(a), Fed. R. Civ. P.; *see also Nick's Garage, Inc. v. Progressive Cas. Ins. Co.,* 875 F.3d 107, 113-14 (2d Cir. 2017). "A genuine issue of material fact exists if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Nick's Garage*, 875 F.3d at 113-14 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Which facts are material is determined by the substantive law. *See Anderson*, 477 U.S. at 248. "The same standard applies whether summary judgment is granted on the merits or on an affirmative defense …." *Giordano v. Market Am., Inc*., 599 F.3d 87, 93 (2d Cir. 2010).

The moving party bears the initial burden of informing the court of the basis for its motion and identifying the admissible evidence it believes demonstrates the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets this burden, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. *See Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009). He cannot "rely on conclusory allegations or unsubstantiated speculation' but 'must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Robinson v. Concentra Health Servs.*, 781 F.3d 42, 34 (2d Cir. 2015) (quotation marks and citation omitted). To defeat a motion for summary judgment, the nonmoving party must present such evidence as would allow a jury to find in his favor. *See Graham v. Long Island R.R.*, 230 F.3d 34, 38 (2d Cir. 2000).

Although the court is required to read a self-represented "party's papers liberally and interpret them to raise the strongest arguments that they suggest," *Willey v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015), "unsupported allegations do not create a material issue of fact" and do not overcome a properly supported motion for summary judgment. *Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000).

**Facts[2]**

Conquistador was discharged from custody on August 30, 2019 but was readmitted on the same day. Defs.' Local Rule 56(a) Statement ("LRS Statement"), Doc. No. 96-2, ¶ 2. Upon readmission, Conquistador was housed at Bridgeport Correctional Center ("Bridgeport"). *Id.* ¶ 3. He remained at Bridgeport until January 29, 2020, when he was transferred to Hartford Correctional Center. *Id.* ¶ 4.

On August 30, 2019, Conquistador's inmate account closed and a check issued for the remaining spendable balance. *Id.* ¶ 6. The account was re-opened the following day. *Id.* ¶ 7. There was no spendable money in his account until October 3, 2019, when the check was returned and redeposited. *Id.* ¶ 8-9. Conquistador purchased toiletries from the commissary on October 16, 2019. *Id.* ¶ 10.

When Conquistador arrived at Bridgeport, Counselor Moore-DeCoito reviewed his inmate account. *Id.* ¶ 11. When she reviewed the account, it appeared that Conquistador had a balance of $455.15 as of August 30, 2019. *Id.* ¶ 12. As Conquistador appeared to have funds in his account, he was not considered indigent. *Id.* ¶ 13.

On November 6, 2019, Conquistador was housed in unit 37B. *Id.* ¶ 14. That day, he was seen entering unit 39A. *Id.* ¶ 15. Once inside the unit, Conquistador was seen malingering and speaking with other inmates. *Id.* ¶ 16. Officer Lee issued Conquistador a disciplinary report for

---

[2] The facts are taken from the Defendants' Local Rule 56(a) Statements and supporting exhibits. Local Rule 56(a)2 requires the party opposing summary judgment to submit a statement which contains separately numbered paragraphs corresponding to the Local Rule 56(a)1 Statement and indicating whether the opposing party admits or denies the facts set forth by the moving party. Each denial must include a specific citation to an affidavit or other admissible evidence. D. Conn. L. Civ. R. 56(a)3. Conquistador was granted multiple extensions of time, from October 21, 2021, until July 5, 2022, to file his response to the motion for summary judgment. To date, he has not done so. Accordingly, the Defendants' facts are deemed admitted. *See* D. Conn. L. Civ. R. 56(a)1 ("All material facts set forth in said statement and supported by the evidence will be deemed admitted unless controverted by the statement required to be filed and served by the opposing party in accordance with Rule 56(a)2.").

being out of place. *Id.* ¶¶ 17-18. Officer Serrano investigated the disciplinary charge and took a statement from Conquistador on November 14, 2019. *Id.* ¶¶ 20-21. On November 18, 2019, two inmates also gave statements regarding Conquistador's presence in unit 39A. *Id.* ¶ 22.

Lieutenant McNeil was the hearing officer and Officer Rious was Conquistador's advisor at the November 26, 2019 disciplinary hearing. *Id.* ¶¶ 23-25. At the hearing, Conquistador admitted that he went to the wrong housing unit. *Id.* ¶ 26. In reaching his decision, the hearing officer considered the advisor's statement, the witness' statements, Conquistador's admission and the video surveillance footage showing Conquistador in unit 39A. *Id.* ¶ 27. Based on all the evidence, Lieutenant McNeil found Conquistador guilty. *Id.* ¶ 28. Conquistador was given information regarding how to appeal the decision and filed his appeal the same day. *Id.* ¶¶ 29-30. The appeal was denied as there was sufficient evidence to support the guilty finding. *Id.* ¶ 31.

Conquistador received two other disciplinary charges around this time, one before and one after the November 6, 2019 incident. On September 9, 2019, Conquistador received a disciplinary report for insulting language or behavior. *Id.* ¶ 32. Conquistador pleaded guilty to the charge which was reported by Officer McCarthy and investigated by Officer Grady. *Id.* ¶¶ 33-34. On January 19, 2020, Conquistador received a disciplinary report for disobeying a direct order. *Id.* ¶ 35. Officer Finnucan issued the disciplinary report and Officer Goldman investigated the charge. *Id.* ¶ 36.

**Discussion**

The Defendants argue that Conquistador has failed to present evidence to support the claims for denial of due process against Defendant McNeil and Lee, retaliation against Defendant McNeil and Serrano, and unconstitutional conditions of confinement regarding the denial of toiletries against Defendants Alves, Moore-DeCoito and McCarthy.

*Due Process*

Conquistador alleged that Officer Lee issued a false disciplinary charge, *i.e.*, made a false accusation against him, and Lieutenant McNeil found him guilty of the charge because he had threatened to sue correctional staff. To prevail on a due process claim, Conquistador must establish two elements: first, that he possessed a liberty interest protected by the due process clause, and second, that he was deprived of that interest without being afforded appropriate process. *See Williams v. Chuttey*, 767 F. App'x 105, 107-08 (2d Cir. 2019) (citing *Ortiz v. McBride*, 380 F.3d 649, 654 (2d Cir. 2004)). Regarding the first element, "to be actionable, the liberty interest must subject the prisoner to 'atypical and significant hardship...in relation to the ordinary incidents of prison life.'" *Vega v. Lantz,* 596 F.3d 77, 83 (2d Cir. 2010) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)).

Regarding the second element, at the disciplinary hearing, Conquistador was entitled to the procedural protections set forth in *Wolff v. McDonnell*, 418 U.S. 539 (1974). Specifically, "advance written notice of the charges against him; a hearing affording him a reasonable opportunity to call witnesses and present documentary evidence; a fair and impartial hearing officer; and a written statement of the disposition, including the evidence relied upon and the reasons for the disciplinary actions taken." *Williams*, 767 F. App'x at 107-08 (quoting *Sira v. Morton*, 380 F.3d 57, 69 (2d Cir. 2004) (internal quotation marks and citation omitted)).

The Defendants do not argue that the sanctions Conquistador received following the disciplinary hearing—fifteen days confined to quarters and ninety days loss of phone privileges--do not implicate a protected liberty interest. *See* Defs.' Mem., Ex. D, Doc. No. 96-6 at 2. Instead, they argue that Conquistador received all process to which he was entitled. The Court agrees.

The incident for which the ticket was issued occurred on November 16, 2019. The disciplinary report was delivered to Conquistador the same day. *See id.* at 4. The hearing was held on November 26, 2019. Thus, Conquistador received timely notice. Conquistador testified at the hearing and presented statements from two inmate witnesses. The surveillance video footage was also presented. Lieutenant McNeil considered the disciplinary report, the investigator's report, Conquistador's statements to the investigator and, at the hearing, the advisor's report and the video footage. The guilty finding was based on the documentation and evidence submitted, including Conquistador's admission that he entered the wrong housing unit.

The record shows that Conquistador was afforded a reasonable opportunity to present witness statements, his own statement and evidence. The decision clearly sets forth the evidence Lieutenant McNeil relied upon in reaching his decision and the reasons for the sanctions imposed. *See id*. at 3. Conquistador has presented no evidence calling into question Lieutenant McNeil's impartiality, especially as he conceded that he was in the wrong housing unit. Conquistador's wholly conclusory allegation that Lieutenant McNeil found him guilty only because he had threatened to file a lawsuit against correctional staff is inadequate to create a genuine issue of material fact.

Conquistador's claim against Officer Lee is that Lee made a false accusation. As the Court stated on initial review, a claim of false accusation is cognizable only if the inmate is denied due process at the associated disciplinary hearing. *Mitchell v. Senkowski*, 158 F. App'x 346, 349 (2d Cir. 2005). As Conquistador was not denied due process at the disciplinary hearing, he cannot state a cognizable claim against Officer Lee. The Defendants' motion for summary judgment as to the procedural due process claims against McNeil and Lee is GRANTED.

*Retaliation*

Conquistador also alleges that Lieutenant McNeil found him guilty of the disciplinary charge and imposed the maximum sentence and Officer Serrano refused to record his statement for a disciplinary report because he had threatened to file a lawsuit against correctional staff. He alleges in the Amended Complaint that these incidents occurred within days after he threatened to file lawsuits.

To establish a claim for retaliation, Conquistador must present evidence establishing that: (1) he engaged in protected speech or conduct; (2) the defendant took an adverse action against him; and (3) there was a causal connection between the protected speech or conduct and the adverse action. *Dolan v. Connolly*, 794 F.3d 290, 294 (2d Cir. 2015). Conquistador alleges that he threatened to file a lawsuit against correctional staff. The Second Circuit has not yet addressed whether the threat to file a lawsuit is protected speech and other courts are divided. *See Gibson v. Fischer*, No. 9:10-cv-0968 (LEK/TWD), 2014 WL 7178346, at *16 (N.D.N.Y. Dec. 15, 2014) (noting split of authority and finding issue of fact precluding summary judgment whether plaintiff's conduct warranted First Amendment protection) (citing cases). As the Court determines below that Plaintiff's retaliation claims fail for different reasons, this Court need not weigh in on whether his speech was in fact constitutionally protected.

Whether conduct is considered adverse depends on the context in which it occurs. "Conduct that is properly initiated, reasonably executed, independently justified and equally administered—regardless of any animosity towards the plaintiff—does not rise to a constitutional claim for retaliation." *Diesel v. Town of Lewisboro*, 232 F.3d 92, 109 (2d Cir. 2000). In addition, prisoners may be required to tolerate more than public employees or average citizens before an action is considered adverse. *Id.* "[I]n the prisoner context, [the Second Circuit has] defined

'adverse action' objectively, as retaliatory conduct that would deter a similarly situated individual of ordinary firmness from exercising... constitutional rights." *Gill v. Pidlypchak*, 389 F.3d 379, 381 (2d Cir. 2004) (citations and quotation marks omitted). The conduct underlying a retaliation claim need not, however, rise to the level of a constitutional violation to be considered adverse action. *See McCarroll v. Matteau*, No. 9:09-CV-0355 (NAM/TWD), 2012 WL 4380156, at *12 (N.D.N.Y. June 15, 2012). The Court assumes without deciding that a guilty finding at a disciplinary hearing and a refusal to take a statement in advance of a disciplinary hearing are adverse actions for purposes of the First Amendment claim.

As noted, Conquistador would also be required to prove a causal connection between his protected speech and the adverse action. Temporal proximity may serve as circumstantial evidence of retaliation. *See Washington v. Afify*, 681 F. App'x 43, 46 (2d Cir. 2017). However, before a prisoner will be permitted to proceed to trial on a retaliation claim, he must present some further evidence of a retaliatory animus in addition to temporal proximity. *See Faulk v. Fisher*, 545 F. App'x 56, 58 (2d Cir. 2013) (citing *Bennett v. Goord*, 343 F.3d 133, 137 (2d Cir. 2003)); *see also Bennett*, 343 F.3d at 137 ("because prisoner retaliation claims are easily fabricated, and accordingly pose a substantial risk of unwarranted judicial intrusion into matters of general prison administration, we are careful to require non-conclusory allegations") (quotation marks and citation omitted); *Ayers v. Stewart*, 101 F.3d 687, 1996 WL 346049, at *1 (2d Cir. 1996) ("[Plaintiff's] reliance on circumstantial evidence of retaliation—namely the proximity of the disciplinary action to his complaint where no misbehavior reports were previously filed against him—does not suffice to defeat summary judgment.").

First, Conquistador has presented no evidence in opposition to the motion for summary judgment evincing retaliatory animus by Defendant McNeil or Serrano beyond the alleged

temporal proximity between his threat to file lawsuits and the alleged adverse actions. This alone makes summary judgment as to these claims appropriate.

Further, as discussed above, Lieutenant McNeil relied on substantial evidence in the record when he found Conquistador guilty of the disciplinary charge. As Lieutenant McNeil's finding of guilty was independently justified, it does not support a First Amendment retaliation claim. *See Diesel*, 232 F.3d at 109.

As to the claim against Defendant Serrano, the Defendants have submitted evidence showing that Officer Serrano was the investigating officer with respect to the November 6, 2019 disciplinary charge and that she took Conquistador's statement on November 14, 2019. The evidence also demonstrates that Officer Serrano was *not* the investigating officer on the other two disciplinary charges issued against Conquistador shortly before and after November 6, 2019. Conquistador has not presented evidence of any other disciplinary investigation or other circumstance where Officer Serrano was required to take Conquistador's statement but failed to do so.

For all these reasons, Conquistador has failed to raise a genuine issue of material fact as to his First Amendment retaliation claims against Defendant McNeil and Serrano. The motion for summary judgment as to these claims is therefore GRANTED.

*Unconstitutional Conditions of Confinement—Denial of Toiletries*

Conquistador also asserts that Defendant Alves, Moore-DeCoito and McCarthy subjected him to unconstitutional conditions of confinement because they denied him toiletries even though he was indigent.

Upon readmission, Conquistador was a pretrial detainee. Thus, his conditions of confinement claim is cognizable under the Fourteenth Amendment. *See Darnell v. Pineiro*, 849

F.3d 17, 29 (2d Cir. 2017) (deliberate indifference claims of pretrial detainees are considered under the Fourteenth Amendment rather than the Eighth Amendment).

"A pretrial detainee may not be punished at all under the Fourteenth Amendment, whether ...by deliberate indifference to conditions of confinement, or otherwise." *Id.* at 35. To state a deliberate indifference claim, Conquistador first must allege facts showing that the challenged condition "pose[d] an unreasonable risk of serious damage to his health, which includes the risk of serious damage to physical and mental soundness." *Id.* at 30 (quoting *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013) (internal quotation marks omitted). "[T]he conditions themselves must be evaluated in light of contemporary standards of decency." *Id.* (citation and internal quotation marks omitted). This inquiry focuses on the "severity and duration" of the conditions, "not the detainee's resulting injury." *Id.* (citing *Willey v. Kirkpatrick*, 801 F.3d 51, 68 (2d Cir. 2015)). Conquistador also must show that "the defendant-official acted intentionally to impose the alleged condition" or that he "recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id.* at 35.

In the Amended Complaint, Conquistador alleges that Defendant McCarthy and Moore-DeCoito denied him toiletries for over a month. The Defendants do not contest that Conquistador was denied toiletries. Rather, they focus on the second prong of the deliberate indifference test and argue that they reasonably believed that Conquistador was not indigent and that he was not entitled to free toiletries.[3]

The copy of Conquistador's inmate trust account statement filed with his motion to proceed *in forma pauperis,* consists of a series of screen shots, entitled "Trust Summary," covering the

---

[3] Therefore, the Court need not determine whether a denial of toiletries for a month is sufficiently serious to implicate the protections afforded by the Fourteenth Amendment.

10

period from June 6, 2019 through November 19, 2019. *See* Doc. No. 2 at 7-10. These pages show only the total balance in Conquistador's account. The entry for August 20, 2019 shows that the account was closed, a check was issued for $197.41 and the remaining balance was $455.15. This same balance appears when the account was reopened the following day. *See id.* at 8. The first page of the account statement distinguishes between Conquistador's spendable balance and his total account balance. This page identifies the $455.15 not as spendable funds but as funds being withheld to satisfy Conquistador's PLRA obligations, *i.e.*, to pay federal court filing fees. *See id.* at 6. Accordingly, a review of the first page of Conquistador's trust account statement would reveal that he had no spendable funds in his account. All other pages would reflect an account balance of $455.15 without any indication that the funds were not available to the inmate for spending.

In contrast, the account statement created by the Fiscal Administrative Officer and submitted in support of the motion for summary judgment shows that Conquistador's account was closed on August 20, 2019, a check was issued for $197.41, and the remaining balance was $0. *See* Defs.' Mem., Ex. B, Gresh Aff., Doc. No. 96-4 at 8. The difference between the two statements is that on the statement created by the Fiscal Administrative Officer, the balance is a true spendable balance with deductions to satisfy PLRA obligations subtracted from the balance and transferred to Conquistador's PLRA sub-account. *See id.* at 7 ($196.38 deducted on May 6, 2019); 8 ($590.00 deducted on January 16, 2020).

Counselor Moore-DeCoito avers that she checked Conquistador's account balance and noted that he appeared to have $455.15 in his account. She attaches to her affidavit a copy of the same screen shot Conquistador submitted with his motion to proceed *in forma pauperis*. *See* Defs' Mem., Ex. C Moore-DeCoito Aff., Doc. No. 96-5 at 5. Although further investigation would have shown that Conquistador did not have any spendable funds in his account, Counselor Moore-

11

DeCoito's failure to do so does not demonstrate intentional action or a reckless failure to act with reasonable care to mitigate the risk of no toiletries to Conquistador. Rather, it shows, at most, negligence, which is not cognizable under section 1983. *See Darnell*, 849 F.3d at 36 (finding that negligence alone is insufficient to support a deliberate indifference claim even under the Fourteenth Amendment).

Conquistador has presented no evidence showing that the denial of toiletries by Defendant Alves, McCarthy and Moore-DeCoito was the result of anything other than Counselor Moore-DeCoito's erroneous review of Conquistador's trust account. As he fails to present evidence showing that any of these defendants acted with the requisite mental state, the Defendants' motion for summary judgment as to the conditions of confinement claim is GRANTED.

*Defendant Doe*

In the Initial Review Order, filed January 13, 2020, the Court directed Conquistador to obtain the full name and current work address for Defendant Doe and file a notice containing that information. The August 10, 2020 discovery deadline was extended several times with discovery finally concluding on July 23, 2021. Doc. No. 83. Although the discovery period extended for over a year, Conquistador never identified Defendant Doe. Accordingly, all claims against Defendant Doe are dismissed under Federal Rule of Civil Procedure 41(b).

**Conclusion**

Defendants' partial Motion for Summary Judgment [**Doc. No. 96**] is **GRANTED**. The Clerk of the Court is directed to terminate defendant Doe.

**The case will proceed to trial on the following claims for which summary judgment was not sought: the conditions of confinement claim against Defendant Alves, Martin and Klein for alleged exposure to cold temperatures; the retaliation claim against Defendant**

**Massaro; and the deliberate indifference to health and safety claim against Defendant Roman, Sullivan, Martin, Klein, Alves, Grady, Finuccan, Allen, Washington, Hernandez, Guerrera and Daniels.**

**SO ORDERED** this 20th day of December 2022 at Bridgeport, Connecticut.

*Kari A. Dooley*
Kari A. Dooley
United States District Judge
