**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| JEAN KARLO CONQUISTADOR, | ) | CASE NO. 3:19-cv-1965 (KAD) |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT MARTIN, *et al.*, | ) | MAY 29, 2024 |
| *Defendants*. | ) | |

**MEMORANDUM OF DECISION**
**RE: DEFENDANTS' AMENDED MOTION TO DISMISS (ECF NO. 195)[1]**

Kari A. Dooley, United States District Judge:

Pending before the Court is Defendants' Motion to Dismiss, as amended, the operative

complaint in this matter pursuant to Fed. R. Civ. P. 41(b). For the reasons that follow, the motion

is GRANTED. (ECF No. 195)

**Standard of Review**

"All litigants, including *pro ses*, have an obligation to comply with court orders, and failure

to comply may result in sanctions, including dismissal with prejudice." *Agiwal v. Mid Island

Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (*per curiam*) (quotation marks, alterations, and

citation omitted). "While a court is ordinarily obligated to afford a special solicitude to *pro se*

litigants, dismissal of a *pro se* litigant's action as a sanction may nonetheless be appropriate so

long as a warning has been given that noncompliance can result in dismissal." *Koehl v. Bernstein*,

740 F.3d 860, 862 (2d Cir. 2014) (*per curiam*) (quotation marks and citations omitted).

As relevant here, Fed. R. Civ. P. 41(b) provides for dismissal "[i]f the plaintiff fails to

prosecute or to comply with these rules or a court order." Although Rule 41(b) "expressly

addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned

---

[1] The filing of the Amended Motion to Dismiss, which included the Notice required for self-represented litigants, renders the original Motion to Dismiss at ECF No. 194 moot.

that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). The Second Circuit has identified five factors to guide the Court's exercise of discretion under Rule 41(b), which ask whether:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009) (citation omitted). The same factors are considered when Plaintiff's conduct includes a failure to comply with court orders. *Simmons v. Abruzzo,* 49 F.3d 83, 87 (2d. Cir. 1995). A "dismissal pursuant to Rule 41(b) operates as adjudication on the merits unless otherwise specified by the Court." *Rzayeva v. United States*, 492 F. Supp. 2d 60, 89 (D. Conn. 2007).

**Facts and Procedural History**

Familiarity with the tortured procedural history of this case is presumed. And the Court does not herein recite in full the varying levels of diligence displayed by Plaintiff in litigating his many cases before the Court, but instead focuses on Plaintiff's litigation conduct over the course of the last 18 months.[2]

This case, upon the Court granting Defendants' partial motion for summary judgment, has been trial ready since December 20, 2022.[3] The Court appointed pro bono counsel for Plaintiff on

---

[2] Defendants provide a more detailed chronicle of this litigation in their memorandum of law in support of the Amended Motion to Dismiss, which is generally supported by the multiple docket entries cited therein.

[3] The motion for summary judgment remained pending for over 15 months. First, Plaintiff sought multiple extensions of time to respond to the motion, which the Court granted. Then, while the motion was pending, Plaintiff took an interlocutory appeal of several of the Court's case management rulings. *See* ECF No. 126. Despite the delay occasioned by the interlocutory appeal, Plaintiff never filed an opposition to the motion. The Court issued the decision on the motion for summary judgment following issuance of the mandate from the Second Circuit Court of Appeals dismissing the interlocutory appeal.

March 8, 2023 after a telephonic status conference with all parties, during which the Court expressed "grave concerns as to the Plaintiff's willingness or ability to work cooperatively with appointed counsel, given the history (in this case and others) of Plaintiff's erratic, confrontational and, at times, inappropriate conduct in dealing with counsel for Defendants, the Court, Court staff and others." *See* ECF No. 159. The Court's concerns proved prescient. *See* ECF No. 159. Pro bono counsel, at Plaintiff's direction, moved to withdraw their appearances on June 22, 2023, which the Court granted on June 23, 2023. Plaintiff has since moved three times for the emergency appointment of counsel, which the Court has denied. *See* ECF Nos. 159, 166, 183.

At a telephonic status conference on January 24, 2024, Plaintiff indicated that he intended to consent to the jurisdiction of a Magistrate Judge for the purposes of scheduling a trial in this matter. The Court advised Plaintiff that the referral to a Magistrate Judge would enter upon receipt of the Consent Form. The Consent Form was emailed to Plaintiff. On February 1, 2024, Plaintiff left a voicemail with the Court inquiring as to when the referral to a Magistrate Judge would occur. He was told again that the referral will enter upon receipt of the Consent Form previously emailed to him. ECF No. 175. To date, Plaintiff has not submitted the Consent Form for this matter. On April 9, 2024, the Court scheduled a telephonic status conference for April 25, 2024, at 4:30 PM.

Plaintiff failed to appear for the April 25, 2024, telephonic status conference. A member of the Court staff called Plaintiff, but Plaintiff refused to accept the call unless the staff member identified herself. Plaintiff was advised that the call was from the Court and that he had a telephonic status conference with the undersigned. Plaintiff requested that the conference line and passcode information be emailed to him.[4] The Court indulged this request at 4:37 PM. At 4:49 PM, the Court

---

[4] Plaintiff has had electronic filing access since April 7, 2020. ECF No. 36. As noted by Judge Farrish, the Magistrate Judge who has presided over several settlement conferences in this file and others brought by Plaintiff, in early 2024, it was revealed that Plaintiff's email address was not current. *See* ECF No. 178. On March 6, 2024,

joined the conference line, but Plaintiff had yet to appear and thereafter did not appear. The Court

thereafter scheduled another telephonic status conference for May 2, 2024, and warned that "if

Plaintiff again fails to appear as ordered, he will be subject to sanctions, to include dismissal of

this action." The Court cited Fed. R. Civ. P. 41(b) as well as *Simmons v. Abruzzo*, 49 F.3d at 87,

in which the Second Circuit held that the "district court [ ] has the power under Fed. R. Civ. P.

41(b) to dismiss a complaint for failure to comply with a court order, treating the noncompliance

as a failure to prosecute." The Court also took judicial notice that in another one of Plaintiff's trial

ready matters, *Conquistador v. Syed*, No. 3:19-cv-1450 (RAR), Plaintiff failed to meet his pretrial

obligations and also failed to appear for a telephonic status conference scheduled for April 24,

2024.

Plaintiff failed to appear at the May 2, 2024, telephonic status conference. Defense counsel

appeared as directed. The Court waited approximately 20 minutes for Plaintiff to join the

conference line, but he did not. The Court indicated that the "case cannot progress without

Plaintiff's participation" and that it is "Plaintiff's obligation to prosecute his claims with

appropriate diligence." ECF No. 192. The Court rescheduled the telephonic status for a third time

to May 8, 2024. The Court once again warned that if Plaintiff fails to appear as ordered, he will be

subject to sanctions, to include dismissal of this case.

Thereafter, Defendants filed a motion to dismiss and an amended motion to dismiss

pursuant to Fed. R. Civ. P 41(b) based upon Plaintiff' failure to prosecute his claims in this case.

*See* ECF Nos. 194, 195.

Plaintiff failed to appear for the May 8, 2024, telephonic status conference. Defense

counsel appeared as directed. The Court waited approximately 15 minutes for Plaintiff to join the

---

Plaintiff filed a change of contact information, to include an updated email address. ECF No. 179. This email address was again confirmed by Plaintiff to the Court's staff member on the call.

conference line, but he did not. *See* ECF No. 196. To date, Plaintiff has not responded to the motion to dismiss or otherwise communicated with the Court.

**Discussion**

With Plaintiff having failed to comply with three recent Court orders and otherwise neglecting to prosecute his case as discussed above, the Court considers dismissal pursuant to Fed. R. Civ. P. 41(b) and concludes that a review of the relevant factors warrants dismissal.

First, Plaintiff's failure to prosecute or appear as directed has caused significant delay. In January 2024, Plaintiff represented that he would consent to the jurisdiction of a magistrate judge. He was advised twice thereafter that the referral would enter upon receipt of the signed consent.[5] No consent was ever received. In an effort to progress the case, the Court scheduled a status conference for April 25, 2024. Plaintiff, who receives electronic notice of docket entries, did not appear on April 25, 2024, or at either of the subsequently scheduled, telephonic conferences. He has not otherwise communicated with the Court and nor did he oppose the instant motion to dismiss. Accordingly, there has already been months of delay, but of greater significance, there is no end in sight to this delay as Plaintiff has ceased communicating with defense counsel and the Court.

Second, Plaintiff was given notice on no less than three occasions that further failure to comply with the Court's orders could result in dismissal of this action.

Third, further, and potentially unlimited, delay will prejudice Defendants. Defendants have a right to the adjudication of the claims against them; they have been diligently participating in this litigation for years; and they wasted time and resources appearing at three status conferences at which Plaintiff did not appear.

---

[5] The Court observes that Plaintiff did submit the consent form in another of his cases, *Conquistador v. Syed*, No. 3:19-cv-1450 (RAR), so the failure to submit the form cannot be attributed to confusion or misunderstanding.

Fourth, this case is now almost five years old. It has been marred by delay largely at the hands of Plaintiff seeking additional time to pursue his claims or defend against summary judgment. *See supra* n. 3. The Court has afforded Plaintiff every opportunity to properly litigate his claims, to include with the assistance of pro bono counsel. The Court has a tangible interest in removing this aging and dormant case from its docket.

Finally, the Court has considered the efficacy of lesser sanctions. As Plaintiff has completely failed to engage with defense counsel or the Court, the Court has no reason to believe that any lesser sanction will suffice to progress this case toward trial. Indeed, it appears that Plaintiff has elected to abandon any such effort.

**Conclusion**

For the foregoing reasons, this case is dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b). The Clerk of the Court is directed to enter judgment for Defendants and close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 29th day of May 2024.

 */s/ Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE

6